UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DOREEN HARRIS,

               Plaintiff,

  -against-

DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT;
JOHN DOE,

               Defendant.
----------------------------------------------------------x



**MEMORANDUM AND ORDER**
07-CV-0067 (DLI)

**DORA L. IRIZARRY**, United States District Judge:

Plaintiff Doreen Harris brings this action *pro se* alleging that the Department of Housing Preservation and Development has failed to make repairs in the building where she resides and "[b]ased on her [a]ge and her [r]ace, she has been taken advantage of, [d]iscriminated." (Compl. at 2.) The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and for the reasons discussed below, grants plaintiff thirty days leave to file an amended complaint.

## BACKGROUND

Plaintiff states that she has lived in an apartment building in Brooklyn owned by defendant since 1965 and pays $230 a month for rent. (Compl. at 1, 2.) Plaintiff alleges that "since 1983, there is neither boiler nor heating system or [w]eatherized windows on premises. As of 2002, these conditions worsen with the roof leaking causing major structural damage. In fact, the [d]efendant [k]nowingly knows, from their inspectors of these conditions." (Compl. at 2.) Plaintiff further alleges that:

> [r]ather than help the [p]laintiff the [d]efendants are mentally trying to abuse her; the [d]efendants, have taken the [p]laintiff . . . to small claims court for [e]victions, [n]on payments and just too [sic] see if she will show up. For years they have subjected her to this kind of abuse . . . . This behavior [d]efendant is ejecting is a form of abuse,

which becomes [d]iscrimination, [h]arassment, [u]nfairly [sic] treatment; Doreen Harris [f]ormerly Dorothy Miller has sentimental value for her [h]ome, since her only daughter was born actually in this home, she deserves her home.

(Compl. at 2, 3.) Plaintiff seeks the ownership of her property, "one million dollars for repairs and 10 million dollars for Race discrimination also abuse, pain and suffering for 23 years." (Compl. at 3.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). In addition, as plaintiff is proceeding *pro se*, this court is obliged to construe her pleadings liberally, particularly as they allege civil rights violations. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this court must interpret plaintiff's pleadings as raising the strongest arguments they suggest. *Id.*

## DISCUSSION

While the court is sympathetic to plaintiff's situation, the subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 1244 (2006). Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. *Id.* A plaintiff properly invokes § 1332 jurisdiction when she presents a

claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id.* (citing § 1332(a)). The instant case clearly lacks diversity as the defendant is alleged to reside in the same city as the plaintiff. The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 31-32 (1933)). Thus, if plaintiff cannot present a substantial federal question, this court lacks subject matter jurisdiction over her claim. "A plaintiff properly invokes § 1331 jurisdiction when [she] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 126 S.Ct. at 1244 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). A claim invoking federal-question jurisdiction, however, "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id.* at 1244 n. 10 (quoting *Bell*, 327 U.S. at 682-83).

Since plaintiff is proceeding *pro se*, the complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F.Supp.2d 539, 541-42 (E.D.N.Y.1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Plaintiff's complaint seeks to have this court intervene in her dispute with defendant regarding landlord-tenant matters, such as repairs to the building's boiler, the collection of rent and eviction proceedings. However, this court is without jurisdiction to grant plaintiff the relief she seeks, as it is well settled that the landlord-tenant relationship is fundamentally a matter of state law. *See Trang v. Concris Realty Co.*, No. 05-CV-544, 2005 WL 1398004 (E.D.N.Y. Jun 14, 2005) (federal courts do not have subject matter jurisdiction over landlord-tenant matters); *see also McAlan*

*v. Malatzky*, No. 97-8291, 1998 WL 24369, at *2-3 (S.D.N.Y. 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights), *aff'd*, 173 F.3d 845 (table) (2d Cir. 1999); *DiNapoli v. DiNapoli*, No. 95-7822, 1995 WL 555740, at *1 (S.D.N.Y. 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters); *Chiania v. Broadmoor Associates*, No. 94-0613, 1994 WL 30412, at *1 (S.D.NY. 1994) (finding no subject matter jurisdiction over a landlord-tenant dispute).

Furthermore, plaintiff's attempt to allege discrimination is insufficient. Plaintiff's conclusory allegation that "[b]ased on her [a]ge and her [r]ace, she has been taken advantage of, [d]iscriminated," is not a basis for this court to exercise subject matter jurisdiction over this matter. Plaintiff's dissatisfaction with the treatment she has received from her landlord does not convert her claim into a constitutional right. "Simply including a federal issue in a state cause of action . . . does not in itself warrant federal question jurisdiction. There must be a substantial federal question at issue, as opposed to a minor or technical addition to a state claim." *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 194 F.Supp.2d 246, 254-55 (S.D.N.Y. 2002).

## CONCLUSION

Accordingly, plaintiff is afforded an opportunity to establish that this court has jurisdiction over her complaint. *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). Plaintiff may file an amended complaint, within thirty (30) days of the date of this Order, stating the basis of plaintiff's discrimination claim and establishing that this court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. In her amended complaint, plaintiff must allege facts to support her discrimination claim. Furthermore, plaintiff shall clearly describe the current status and disposition of any state court housing proceedings.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30)

days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within the time allotted, plaintiff's complaint shall be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February /5, 2007

---------------------------------
DORA L. IRIZARRY
United States District Judge